**Affirmed and Memorandum Opinion filed January 3, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

## NO. 14-10-01246-CR

———————————

**NATHAN ARIZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1272582**

## MEMORANDUM OPINION

Appellant Nathan Ariza pleaded guilty to racing on a highway and causing bodily injury to another motorist. The trial court assessed punishment at ten years' imprisonment, the maximum sentence prescribed by statute. *See* Tex. Transp. Code Ann. § 545.420(g) (West 2011); Tex. Penal Code Ann. § 12.34(a) (West 2011). In a single issue, appellant challenges whether the trial judge was impartial. We affirm.

Appellant caused an accident with a motorcyclist when he was racing down a busy street with another vehicle. The motorcyclist flipped, cars went over him, and he sustained bodily injuries. Appellant pleaded guilty to street racing with an agreed recommendation of four years' community supervision. As a condition of his community supervision, appellant agreed to not (1) commit any offense against the laws of the state; (2) use, consume, or possess alcoholic beverages; and (3) operate a vehicle, except to drive to work or attend community service.

Five days after being placed on community supervision, appellant was stopped for driving while intoxicated. The State filed a motion to adjudicate, alleging various offenses and violations of appellant's community supervision. Appellant signed a stipulation of evidence agreeing that he had committed the offenses alleged. In a punishment hearing, appellant explained that he had gone to a friend's party late at night for a "special occasion." When he was stopped on his way home, he blew twice into a breathalyzer, registering a 0.136 and 0.140. His license was suspended at the time.

Appellant asked for leniency and a second opportunity to complete his community supervision. The State requested five years' imprisonment. After hearing all of the evidence, the trial court made the following observation:

> You know, Mr. Ariza, the best chance any of us in this room right here has of dying by violent means is by someone who is on the road operating a motor vehicle that just shouldn't be doing it [whether] they're racing or they're intoxicated or for whatever reason, they shouldn't be driving. That's how people get killed every day. Innocent people going to the store, going to school, taking their kids to church and people die that way. And you're the kind of person that kills them.

The trial court then sentenced appellant to ten years' imprisonment.

On appeal, appellant argues that he was denied a fair hearing because the trial judge was not impartial. In his brief, appellant writes, "In this case, the trial judge stated clearly that he was deciding the appellant's punishment based on the fact that other people kill 'innocent people' with irresponsible driving. The trial court's comments lead one to

2

speculate that perhaps the trial court experienced the death of an 'innocent person' in his personal life."

We presume that the trial judge is impartial absent a clear showing to the contrary. *See Wesbrook v. State*, 29 S.W.3d 103, 120–21 (Tex. Crim. App. 2000). Appellant does not offer any proof to show that the trial judge was biased in this case or that his judgment was somehow predetermined. Instead, appellant contends that his sentence was based on the trial judge's "personal knowledge of unspecified events." Appellant cannot overcome the presumption of impartiality on the basis of mere speculation where the record contains no suggestion that the trial judge was influenced by an extra-judicial source. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (rejecting challenge to trial court bias where the record does not reflect partiality).

The trial judge heard all of the evidence regarding appellant's street racing incident and his subsequent charge for driving while intoxicated. The trial judge's comments came only after hearing this evidence and the closing arguments of both sides. We conclude that appellant has failed to demonstrate that the trial judge was not impartial. *See id.* at 645 (upholding sentence where trial court made observation at the conclusion of the hearing and where comments did not "reflect bias, partiality, or that the trial judge did not consider the full range of punishment").

Appellant's sole issue is overruled and the judgment of the trial court is affirmed.


/s/  Adele Hedges
    Chief Justice


Panel consists of Chief Justice Hedges and Justices Christopher and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).